No. 15-3418

# UNITED STATES COURT OF APPEALS

# FOR THE THIRD CIRCUIT

IUE MULTI-EMPLOYER PENSION PLAN

Plaintiff-Appellee

v.

M&C VENDING INC.,

Defendants-Appellants

Appeal From The United States District Court
District Court of New Jersey
District Court No. 2:11-cv-04355
Honorable William J. Martini

Appellant M&C Vending Inc.'s Unopposed Motion For The Extension Of
The Briefing Schedule

Appellant M&C Vending Inc. ("*M&C*"), by its attorney, requests that this Court extend/enlarge the time for Appellant to file its opening brief by sixty (60) days from the current submission date of February 22, 2016 to April 25, 2016. Appellee IUE Mulit-Employer Pension Plan ("*The Plan*") has no objection to this request.  M&C makes this request based on the following facts and for the following reasons:

1. On January 8, 2016 M&C and The Plan participated in mediation before Mr. Joseph Torregrossa, Chief Mediator for the US Court of Appeals for the Third Circuit.

2. Unfortunately, the Appellant and the Appellee could not reach a settlement during the mediation.

3. Further, based on the events during the mediation it appeared that the prospect of settlement was no likely thereafter.

4. However, on January 28, 2016 M&C directed its attorney to propose a settlement offer to The Plan, which appeared to have some prospect of being receptive to The Plan, by way of its attorney's representations made during a conference call between the respective attorneys on February 2, 2016.

5. It would be inappropriate to set forth the exact details and the parameters discussed by and between the respective attorneys on behalf of the above captioned parties or the proposed settlement offer, but the Appellant requests that the Court take note that the process of settlement would require Appellant to be subject to an audit conducted by The Plan's accountant's, a process that may take at least thirty (30) days, if not longer.

6.　　Further, the monetary consideration offered by Appellant is not derived from the Appellant corporation, but the personal account of its President and sole shareholder, Mr. Elliot Faber, who only now has the funds to be allocated towards settlement as a result of an inheritance from the death of his mother.

7.　　If settlement can be reached Faber intends to loan M&C the monetary consideration to be tendered to The Plan to settle the respective claims the above captioned parties have alleged against one another.

8.　　However, a substantial portion of the aforesaid monetary consideration is composed of proceeds that Faber intendeds to lend M&C to meet its obligations to pay for the legal services in connection with the instant appeal.

9.　　As such, counsel for the Appellant and M&C deem it more prudent at this time to focuses their respective resources to effectuating a settlement as previously offered to The Plan rather then exhausting the capital reserves of Faber as the Appeal progress, thereby removing any possibility that a settlement could be reached because Faber would no longer have the capital reserves to loan M&C the proceeds necessary to effectuate a settlement with The Plan.

10.　　The proposed sixty (60) day extension in the briefing schedule should permit The Plan the time necessary to conduct an Audit of M&C to verify its claimed asset value, or for that matter, lack thereof and, in the event a settlement cannot be reached, permit M&C sufficient time to draft and file its brief.

11.　　On or about January 14, 2016 Appellee consented to Appellant's request to extend the time for Appellant to file its brief to April 4, 2016 with Appellee's brief being due on May 4, 2016.

12.     However, on February 2, 2016 M&C proposed the aforesaid settlement offer to The Plan's attorney, Mr. Thomas M. Murray, Esq.

13.     At that time it became apparent that M&C and The Plan would require additional time to work towards settlement and, in the event that settlement could not be effectuated on or about April 1st, ensure that sufficient time remained for Appellant to draft and file its brief as both M&C's financial resources and its attorneys time have been focused on effectuating the aforesaid settlement at this time.

14.     Therefore, Appellant requests that this Court grant the instant application to extend its time to file its brief to April, 25, 2016 with Appellee's brief in response due on or before May 25, 2016.

Dated: February 11, 2016

/s/ Robert C. Lorenc
The LORENC Law Firm P.C.
1313 3rd Avenue
2nd Floor Office
New York, NY 10021
212-628-0562(office)
212-879-2915(facsimile)
*Attorney for Appellant*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the appellate CM/ECF system on February 11, 2016.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: February 11, 2016

/s/ Robert C. Lorenc
The LORENC Law Firm P.C.
1313 3rd Avenue
2nd Floor Office
New York, NY 10021
212-628-0562(office)
212-879-2915(facsimile)
*Attorney for Appellant*